COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


THEODORE CLAYTON FRANCISCO

                                                          MEMORANDUM OPINION[*]
v.      Record No. 0601-09-3                                   PER CURIAM
                                                          SEPTEMBER 15, 2009
ROANOKE CITY DEPARTMENT OF
  SOCIAL SERVICES


                 FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                             Charles N. Dorsey, Judge

            (Eric Roland Spencer, on brief), for appellant.  Appellant submitting
            on brief.

            (William M. Hackworth, City Attorney; Heather P. Ferguson,
            Assistant City Attorney; L. Brad Braford, Guardian *ad litem* for the
            infant children, on brief), for appellee.  Appellee and Guardian *ad
            litem* submitting on brief.


        Theodore Clayton Francisco appeals the decision by the trial court changing the goal in the

foster care plan from return home to adoption.  Francisco argues he is now in a better position to

comply with the requirements of the Roanoke City Department of Social Services (DSS).  We

disagree and affirm.

        "On review, '[a] trial court is presumed to have thoroughly weighed all the evidence,

considered the statutory requirements, and made its determination based on the child's best

interests.'"  Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656,

659 (2005) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)).  "[A]

preponderance-of-the-evidence standard governs judicial modifications of foster care plans."

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 265 n.3, 616 S.E.2d 765, 769 n.3 (2005).

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). So viewed, the evidence proved that Angela Mitchell, an employee of DSS, worked with Francisco and Samantha Smithers prior to their twins' premature birth on August 6, 2007. The children were in the neonatal intensive care unit for a period of time due to medical conditions associated with their premature birth. On September 12, 2007, Mitchell filed a preliminary child protective order regarding Smithers' older children due to consistent domestic violence between Francisco and Smithers. Francisco was ordered to leave the home and was permitted only supervised contact with his newborn children in the hospital. Between September 29 and October 1, 2007, DSS monitored a rooming-in process for Smithers at the hospital for the healthier twin to determine if Smithers could care for the child at home. Smithers was unable to successfully complete the process, and DSS sought emergency removal for the twins because neither parent could adequately care for them. At the time, Francisco was homeless due to the protective order removing him from the home.

Shelby Stewart, Francisco's caseworker until July 2008, informed Francisco that to achieve the goal of return to home, he was required to obtain stable housing, obtain stable employment, complete an infant CPR class, undergo substance abuse assessment and treatment, complete psychological and psychiatric evaluations, complete any services deemed necessary from the evaluations, complete a parenting class, complete a domestic violence program, demonstrate he could adequately care for his children, maintain supervised visitation with the children, and maintain contact with his caseworker. Stewart referred Francisco to the Blue Ridge

Behavioral Health Care for an initial substance abuse assessment, which was needed prior to the psychological and psychiatric evaluations. Francisco failed to complete the substance abuse assessment. Stewart testified when she referred Francisco to the domestic violence program, Smithers was almost finished with the program. Stewart testified Francisco did not have to wait for Smithers to finish the program before he could start attending the program.

Heather Woods, the caseworker beginning in July 2008, attempted to contact Francisco, but was unable to find him until September 2008 when he accompanied Smithers on a visit. Woods reviewed with Francisco the requirements of the care plan. At the permanency planning proceeding on February 3, 2009, Francisco had completed the infant CPR class, but he did not have stable housing, he was unemployed, he had not completed any of the required assessments or evaluations, he had not completed the parenting class, and he had not completed the domestic violence program. The only information Woods received from Francisco regarding employment was a pay stub from the Salvation Army for the 2008 Christmas season. Woods was unable to verify other employment information Francisco provided to her. At the time of the permanency planning hearing, the twins were progressing well in foster care, but due to their complex medical history, they had higher needs than an average child.

At the permanency planning hearing, Francisco testified he was prohibited from attending the domestic violence program due to the protective order and the fact that Smithers was in the program. Francisco admitted he did not have steady employment, he had lived in shelters, and he was currently living temporarily with his sister, but he was looking for places to live. Francisco admitted since the twins were born, the longest he held a job was four months. Francisco testified he had twice completed detoxification, but he failed to complete the substance abuse assessment.

The trial court concluded that DSS proved by a preponderance of the evidence that it was in the children's best interests to change the goal in the foster care plan to adoption and there was no evidence that Francisco would now comply with the requirements in the care plan. Although Francisco had completed an infant CPR class, he failed to obtain stable housing, he failed to obtain stable employment, and he failed to obtain the psychological and psychiatric evaluations, which were necessary to determine his counseling needs. Francisco failed to maintain contact with the assigned caseworker, he failed to complete parenting classes, and he was inconsistent with visiting his children. "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)). Francisco's explanation as to why he failed to complete the domestic violence program was inconsistent with the caseworker's testimony. Francisco attended a detoxification program twice, but he failed to complete the substance abuse assessment, which was needed prior to determining treatment for his substance abuse issues. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). Accordingly, the trial court did not err in changing the changing the goal in the foster care plan from return to home to adoption.

Affirmed.